(Nos. 57472, 57473 cons.—

DEBORAH CURTIS *et al.*, Appellees, v. THE COUNTY OF COOK *et al.* (The County of Cook *et al.*, Appellants).

*Opinion filed October 21, 1983.*

WARD and CLARK, JJ., took no part.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey, Deputy State's Attorney, and Myra J. Brown, Assistant State's Attorney, of counsel), for appellant County of Cook.

William G. Clark, Jr. & Associates, Ltd., and Ronald A. Parizek & Associates, Ltd., of Chicago (Cornelius F. Dore, William G. Clark, Jr., and Ilene Davidson Johnson, of counsel), for appellant Village of Hillside.

Wildman, Harrold, Allen & Dixon, of Chicago (Kevin T. Martin and Kay L. Schichtel, of counsel), for appellee.

JUSTICE UNDERWOOD delivered the opinion of the court:

In these consolidated personal injury lawsuits brought in the circuit court of Cook County, plaintiffs Deborah Curtis, a minor bringing suit by Donald Curtis, her father and next friend, Donald Curtis, individually, and Lynn Carol Curtis, Deborah's mother, seek damages from defendants, the County of Cook, the village of Westchester, and the village of Hillside. Plaintiffs dismissed counts I, III, and V of their second amended complaint, and the circuit court, pursuant to section 45 motions filed by the village of Westchester and the village of Hillside (see Ill. Rev. Stat. 1977, ch. 110, par. 45), dismissed in a final order the remaining counts insofar as they related to those defendants. The circuit court subsequently entered a judgment on the pleadings in favor of Cook County, and plaintiffs appealed. Our appellate court, in a divided opinion, affirmed the circuit court's judgment in part and reversed in part, and remanded the cause for trial against all defendants. (109

Ill. App. 3d 400.) We granted the petitions for leave to appeal filed by defendants Cook County and the village of Hillside; the village of Westchester did not seek leave to appeal.

Damages were sought against all defendants in those counts of the second amended complaint not voluntarily dismissed by plaintiffs. In count II, plaintiff Deborah Curtis alleged that defendants had placed a speed limit sign on the north side of Twenty-second Street approximately one-half mile west of Wolf Road and that defendants were aware that the signpost was "constantly and repeatedly" used as a quarter-mile marker by young drivers engaged in "speed-clocking," which we understand to be a form of drag racing in which a motorist attempts to reach the greatest possible speed in the space of a quarter mile. In its decision, our appellate court noted that plaintiffs' counsel sought during oral argument to amend the allegations so as to describe the signpost's location as one-quarter of a mile west of Wolf Road. (109 Ill. App. 3d 400, 404.) It is also alleged that Deborah Curtis, age 16, was "in the exercise of that degree of care required having regard for age, experience, intelligence and understanding," and that she was severely injured when the car in which she was a passenger went out of control and struck the signpost while speed-clocking. Count II charges that each defendant owed Deborah Curtis a duty to "keep safe the area in which the accident occurred" and that this duty was breached by defendants' negligence in placing the sign where they knew or should have known it would be used for speed-clocking, failing to remove or replace the sign after becoming aware of its use for speed-clocking, failing to adequately patrol the area, and failing to install speed-control equipment at the location of the accident. In addition, it is alleged that defendants' acts or omissions proximately caused Deborah Curtis' personal

injuries.

Count IV, which incorporated the charges of negligence described in count II, set forth an individual cause of action brought by Donald Curtis to recover the medical and hospital expenses which he was obligated to pay on behalf of Deborah Curtis. In count VI, also founded on the allegations of negligence in count II, Donald Curtis and Lynn Carol Curtis sought to recover damages for the loss of their minor daughter's "aid, comfort, society, and companionship."

Although the record reveals that plaintiffs voluntarily dismissed counts I, III and V, the appellate court examined those counts and purported to affirm their dismissal by the circuit court. Because neither party seeks review of that portion of the appellate court's opinion, it is unnecessary for us to address the propriety of that action. Defendants appeal only from the appellate court's decision that the allegations of counts II, IV and VI, which charged the defendants with proximately causing plaintiffs' injuries by breaching a statutory property-related duty, sufficiently stated a cause of action. Plaintiffs, citing Rule 318 (87 Ill. 2d R. 318), seek a reversal of the appellate court's holding that the allegations of counts II, IV and VI charging the defendants with negligently failing to adequately patrol or otherwise prevent speeding did not state a cause of action. In addition, plaintiffs Donald Curtis and Lynn Carol Curtis urge this court to overturn that portion of the appellate court's decision which held that count VI, seeking recovery for loss of their daughter's "aid, comfort, society, and companionship," did not state a legally cognizable claim.

In order to adequately state a cause of action for negligence, the allegations must establish the existence of a duty of care owed by the defendant to the plaintiffs, a breach of that duty, and an injury proximately resulting from that breach. (*Pelham v. Griesheimer* (1982), 92 Ill.

2d 13, 18; *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374; *Mieher v. Brown* (1973), 54 Ill. 2d 539, 541.) Although the questions of whether a duty has been breached and whether the breach proximately caused an injury are factual matters (*First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 12), the existence of a duty must be determined by the courts as a matter of law. (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 18-19; *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 12; *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374; *Mieher v. Brown* (1973), 54 Ill. 2d 539, 541.) The appellate court, noting that section 3—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1977, ch. 85, par. 3—102) requires local governmental entities to maintain their property in a reasonably safe condition, found that defendants owed plaintiffs a duty of care on the basis of its interpretation of section 3—103 of that act (Ill. Rev. Stat. 1977, ch. 85, par. 3—103). The relevant portion of section 3—103 provides:

> "(a) A local public entity is not liable under this Article for an injury caused by the adoption of a plan or design of a construction of, or an improvement to public property where the plan or design has been approved in advance of the construction or improvement by the legislative body of such entity or by some other body or employee exercising discretionary authority to give such approval or where such plan or design is prepared in conformity with standards previously so approved. The local public entity is liable, however, if after the execution of such plan or design it appears from its use that it has created a condition that is not reasonably safe." Ill. Rev. Stat. 1977, ch. 85, par. 3—103(a).

Recent decisions by this court have reinforced the traditional rule that local governments have an obligation to maintain public property in a reasonably safe condition. (See *Bentley v. Saunemin Township* (1980), 83 Ill. 2d 10, 13; *Janssen v. City of Springfield* (1980), 79 Ill. 2d 435, 450; *Hennigs v. Centreville Township* (1973), 56 Ill. 2d 151,

154.) We cannot agree, however, that the precise location of a signpost constitutes a "plan or design" within the intendment of section 3—103 and thus cannot approve the appellate court's interpretation of that provision. Moreover, even if the signpost's location could be considered part of a plan or design, our examination of article III of the Act, which defines the scope of immunity for injuries arising out of the use of public property, leads us to conclude that the appellate court erred when it found that defendants owed a statutory property-related duty to plaintiffs.

The Local Governmental and Governmental Employees Tort Immunity Act, which was enacted at least in part as a result of this court's rejection of the principles underlying the sovereign immunity doctrine in *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, is in derogation of the common law action against governmental entities and specifies certain limitations on the liability of such bodies. (See *Helle v. Brush* (1973), 53 Ill. 2d 405, 407; *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 342; *Warchol v. City of Chicago* (1979), 75 Ill. App. 3d 289, 294; *Mounce v. City of Lincoln* (1978), 64 Ill. App. 3d 461, 463.) One of those limitations appears in section 3—102(a), which provides in relevant part:

> "(a) Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in sufficient time prior to an injury to have taken measures to remedy or protect against such condition." (Ill. Rev. Stat. 1977, ch. 85, par. 3—102(a).)

That language evinces a legislative intent to extend a duty of care only to those persons by whom the local govern-

ment intended the property to be used. As a passenger in a speed-clocking automobile, Deborah Curtis cannot be said to fall within the class of motorists by whom defendant's highways were intended to be used. *Cf. Repinski v. Jubilee Oil Co.* (1980), 85 Ill. App. 3d 15, 19; *Thorsen v. City of Chicago* (1979), 74 Ill. App. 3d 98, 107; *Deren v. City of Carbondale* (1973), 13 Ill. App. 3d 473, 477. See also *Storen v. City of Chicago* (1940), 373 Ill. 530, 534-35; *Van-Cleef v. City of Chicago* (1909), 240 Ill. 318, 327; *Boylan v. Martindale* (1982), 103 Ill. App. 3d 335, 341; *Harding v. Chicago Park District* (1975), 34 Ill. App. 3d 425, 428-29.

When construing a statute, each section is to be considered in relation to all of the other provisions of the statute in order to ascertain the legislature's intent. (See, *e.g., Totten v. State Board of Elections* (1980), 79 Ill. 2d 288, 292; *Chastek v. Anderson* (1981), 83 Ill. 2d 502, 511.) Application of that fundamental principle leads us to conclude that the defendant County of Cook is correct in its assertion that the duty of care described in section 3—103 derives from the more basic delineation of governmental duty found in section 3—102. In light of the absence of any duty owing to Deborah Curtis under the latter section, no duty existed under the former.

In their brief, plaintiffs urge this court to reverse the appellate court's determination that defendants did not owe plaintiffs individually a duty to patrol or otherwise take additional steps to deter speeding at the scene of the accident. We consider the appellate court's treatment of that issue to be both adequate and correct. Because defendants did not owe a duty of care to plaintiffs, one of the elements noted above to be necessary to state a cause of action, it is unnecessary to consider either defendant's argument that installing and maintaining the signpost did not constitute a proximate cause of plaintiffs' injuries or the contention of plaintiffs Donald Curtis and Lynn Carol Curtis that this court should recognize a cause of action for

166

loss of a minor child's society.

For the reasons stated, the judgment of the appellate court is affirmed in part and reversed in part, and the judgment of the circuit court is affirmed.

*Appellate court affirmed in part
and reversed in part; circuit
court affirmed.*

WARD and CLARK, JJ., took no part in the consideration or decision of this case.