**Angela Latonia BANKSTON, etc., et al., Plaintiffs,**

**v.**

**UNIVERSITY OF CHICAGO HOSPITALS AND CLINICS, et al., Defendants.**

**No. 85 C 4564.**

United States District Court,
N.D. Illinois, E.D.

July 15, 1986.

Dock McDowell, Jr., Gary, Ind.; Richard W. Huszagh, Chicago, Ill., for plaintiffs.

Joseph Camarra, Kevin Burke, Cassaday, Schade & Gloor, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Angela Bankston ("Angela," a 12–year-old suing through her mother) and her mother Laverne ("Laverne") sue two hospitals and two doctors for medical malpractice in connection with surgery performed on Angela's left eye. This action has just been assigned to this Court's calendar upon Judge John Grady's becoming Chief Judge of this District Court.

Examination of the court file has disclosed a long-pending motion by defendants to dismiss:

> 1. Laverne's claim to recover damages for loss of society and companionship; and
> 2. Both Bankstons' prayers for punitive damages.

Bankstons' lawyer has never responded to the motion, though it was filed over a year ago. Even though the Complaint was brought and the motion was originally filed

in the Northern District of Indiana (from which the action was later transferred to this District, so that this District Court's General Rule 13 does not literally apply), the motion is overripe for resolution by any standard.

Because of the 28 U.S.C. § 1404(a) transfer from the Indiana District Court to this one, *Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 820–21, 11 L.Ed.2d 945 (1964) calls for the relevant Indiana law to remain applicable. Indiana choice-of-law principles (called into play by *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941)) look to Illinois substantive law. *Louisville & Nashville R. Co. v. Revlett,* 224 Ind. 313, 321, 65 N.E.2d 731, 734 (1946); *Snow v. Bayne,* 449 N.E.2d 296, 298 (Ind.App.1983).

■■■ As for Laverne's claim she "has been denied the services and companionship of her daughter" Angela (Complaint ¶ 24), Illinois law does not recognize companionship as compensable [1] and no longer presumes pecuniary loss from the absence of a minor child's services.[2] That leaves Laverne as a permissible plaintiff only for recovery of medical bills and expenses (Complaint ¶ 24) for which she is liable under the Illinois Family Expense Act, Ill. Rev.Stat. ch. 40, ¶ 1015. Laverne should of course be aware that if those items do not exceed $10,000, this Court would lack subject matter jurisdiction over her claim—and pendent party jurisdiction would not lie. *Hixon v. Sherwin-Williams Co.,* 671 F.2d 1005, 1008–09 (7th Cir.1982).

■■■ As for the prayer for punitive damages, each of Complaint ¶¶ 17 through 24 repeats the charge of defendants' *negligence.* That is simply not enough to permit an award of punitive or exemplary damages under the universal case law in Illinois. *Kelsay v. Motorola, Inc.,* 74 Ill.2d

172, 186, 23 Ill.Dec. 559, 565, 384 N.E.2d 353, 359 (1978).

Accordingly defendants' motion is granted in its entirety. Because the motion is not fully dispositive of the case (with the possible exception of Laverne's individual claims if the requisite amount in controversy is absent), the action itself remains pending.

---

**1.** *Curtis v. County of Cook,* 109 Ill.App.3d 400, 408–09, 65 Ill.Dec. 87, 92–93, 440 N.E.2d 942, 947–48 (1st Dist.1982), *aff'd in part and rev'd in part,* 98 Ill.2d 158, 74 Ill.Dec. 614, 456 N.E.2d 116 (1983) (the Illinois Supreme Court finding it unnecessary to consider the issue for which the

Appellate Court's decision is relied upon in this opinion).

**2.** *Bullard v. Barnes,* 102 Ill.2d 505, 517, 82 Ill. Dec. 448, 454, 468 N.E.2d 1228, 1234 (1984).