RUTH WASSERMAN, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant (Chicago Transit Authority, Defendant-Appellee).

First District (6th Division)   No. 1—88—2849

Opinion filed November 3, 1989.

James F. Doyle, of Ashman & Associates, of Chicago, for appellant.

William H. Farley, Jr., of Chicago Transit Authority, of Chicago (P. Scott Neville, Jr., of counsel), for appellee.

JUSTICE LaPORTA delivered the opinion of the court:

The subject of this appeal is an order entered by the circuit court of Cook County granting summary judgment in favor of defendant, Chicago Transit Authority (CTA). Plaintiff, Ruth Wasserman, brought an action seeking damages for personal injuries allegedly suffered as a result of the negligent conduct of defendant. Specifically, plaintiff claimed that she was injured when she slipped and fell on snow as she stepped off of a bus owned and operated by defendant. Plaintiff's complaint alleged that defendant was negligent in (1) operating the bus in a careless and reckless manner; (2) stopping the bus in an unreasonably dangerous area to permit passengers to exit the bus; and (3) failing to obey signs indicating those areas in which the bus was to be stopped for exiting passengers. Defendant's answer to the complaint denied knowledge or information sufficient to form a belief as to the truth of the plaintiff's allegations of negligent conduct.

Defendant subsequently moved for summary judgment, alleging that under section 3—105 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1983, ch. 85, par. 3—105), defendant was not obligated to remove the natural accumulation of ice and snow on which plaintiff had fallen and that under Illinois common law, defendant did not have a duty to protect against injuries caused by the natural effects of snow and ice on a sidewalk. In support of its motion, defendant attached copies of the

deposition testimony of plaintiff and of Doris Lowe, plaintiff's sister, who was present at the time of plaintiff's injury. Plaintiff responded to defendant's motion, arguing, *inter alia,* that section 3—105 of the Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 3—105) was not applicable to her claim against defendant. Defendant filed a reply to plaintiff's response to the motion, and after a hearing, the trial court granted summary judgment in favor of defendant. On appeal, plaintiff asserts that the trial court erred in granting defendant summary judgment because (1) defendant had a duty to protect plaintiff from the type of injury she sustained, and (2) the evidence presented created a question of fact as to whether defendant breached that duty.

The record indicates that at about 3 p.m. on December 7, 1983, plaintiff and Doris Lowe, her sister, got off a CTA bus at the northeast corner of Morse and Glenwood Avenues in Chicago, Illinois. Lowe got off the bus first, and plaintiff followed. It was a typical winter day, and there was ice and snow all over. The sidewalk did not appear to have been shoveled and was completely covered with ice and snow. There were piles of deep snow near the bus when it stopped, and there were no passages between the piles of snow. Plaintiff's view was not obstructed as she got off the bus, and she fell after taking just one step away from the bus. Plaintiff sustained a fractured femur and other injuries.

■■ Plaintiff asserts that the trial court erred in granting defendant summary judgment because defendant breached its duty to ensure that the bus stopped at a place which was safe for the plaintiff to exit. To state a cause of action for negligence, a plaintiff must allege the existence of a duty of care owed by defendant to plaintiff, a breach of that duty, and damages proximately resulting from the breach. (*Rowe v. State Bank* (1988), 125 Ill. 2d 203, 215, 531 N.E.2d 1358, 1364; *Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 162, 456 N.E.2d 116, 118.) Although the issues of whether a duty had been breached and whether the breach proximately caused the injury are factual matters, the question of the existence of a duty is one of law for the court. *Rowe,* 125 Ill. 2d at 215, 531 N.E.2d at 1364; *Curtis,* 98 Ill. 2d at 163, 456 N.E.2d at 119.

■ It is well established that a common carrier must exercise the highest degree of care to its passengers, and the passenger-carrier relationship does not terminate until the passenger has had a reasonable opportunity to reach a place of safety. (*Katamay v. Chicago Transit Authority* (1972), 53 Ill. 2d 27, 29-30, 289 N.E.2d 623, 625; *Pharr v. Chicago Transit Authority* (1984), 123 Ill. App. 3d 205, 208, 462 N.E.2d 753, 755.) Thus, the duty imposed upon defendant required

that its driver provide plaintiff with a safe place to alight from the bus. *Miskunas v. Chicago Transit Authority* (1976), 42 Ill. App. 3d 202, 204, 355 N.E.2d 738, 740.

■■ The evidence before the court established that the only point of egress from the bus was onto deep piles of snow with no passages for pedestrian traffic and that plaintiff fell after taking just one step. Defendant was required to operate its bus with the highest degree of care consistent with the practical operation of the vehicle. (*Serritos v. Chicago Transit Authority* (1987), 153 Ill. App. 3d 265, 271-72, 505 N.E.2d 1034, 1038.) The bus on which plaintiff rode had been traveling safely on a street that had presumably been cleared. Yet, defendant presented no evidence in the form of an affidavit or deposition testimony from the driver indicating that it was impossible to stop further from the curb and the snow piles or at some other point along the street where plaintiff would have been able to circumvent or pass through the deep piles of snow.

In view of the evidence presented here, a jury could find that plaintiff was required to exit the bus in an unsafe place. Summary judgment is inappropriate where there exist genuine issues of material fact or where fair-minded persons could draw differing inferences from the facts presented. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005; *Amin v. Knape & Vogt Co.* (1986), 148 Ill. App. 3d 1075, 1077-78, 500 N.E.2d 454, 456.) Thus, defendant was under a duty to ensure that plaintiff could alight from the bus safely, and the question of defendant's breach of that duty was one of fact to be resolved by the jury.

For the foregoing reasons the judgment of the circuit court is reversed, and the cause is remanded for trial.

Reversed and remanded.

McNAMARA and QUINLAN,* JJ., concur.

---

*Justice Quinlan participated in this opinion prior to his resignation from the court.