MARY WALKER JONES, Plaintiff-Appellant, v. CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

First District (6th Division)   No. 1—90—0152

Opinion filed November 26, 1990.

Benjamin & Shapiro, Ltd., of Chicago (Elena Martinez and Fred I. Benjamin, of counsel), for appellant.

William Farley, of Chicago Transit Authority, of Chicago (P. Scott Neville, Jr., of counsel), for appellee.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

This action was brought to recover damages for personal injuries allegedly suffered by plaintiff as a result of the negligent conduct of defendant, Chicago Transit Authority (CTA). The circuit court granted summary judgment in favor of defendant and plaintiff has appealed.

Plaintiff, Mary Walker Jones, brought an action seeking damages for personal injuries allegedly suffered on December 3, 1987, as a result of the negligent conduct of defendant. On June 1, 1988, plaintiff filed her complaint which asserted that she was injured when she slipped and fell as she was exiting a bus owned and operated by defendant. Plaintiff alleged that she fell on the steps of the bus and that her fall was caused by rain water on the steps. Plaintiff asserted that defendant was negligent in (1) failing to keep a proper lookout for alighting passengers; (2) failed to remove debris and liquid from the exit in order to provide the plaintiff with a safe place to alight from the bus; and (3) carelessly and negligently operated the

bus without exercising the highest degree of care consistent with its practical operation so as to avoid injuring the plaintiff. The complaint also alleged that because the action was brought within six months of the date of the injury, plaintiff was not required to serve defendant with the statutory notice of the claim.

Defendant's answer to the complaint denied plaintiff's allegations of negligent conduct and denied that the filing of the complaint exempted plaintiff from giving the required statutory notice. The half-sheet and the sheriff's restoration information reflect that defendant was served with summons on June 6, 1988.

Defendant subsequently moved for summary judgment alleging that defendant did not have a duty to remove a natural accumulation of rain water from the steps of the bus. Defendant's motion was supported by an excerpt of the transcript of plaintiff's deposition testimony, including a transcript of a statement given the defendant on the date of the injury. Plaintiff responded to defendant's motion, arguing that defendant had a duty to alleviate the problem of excessive rain water on the steps of its buses by purchasing buses equipped with a drainage device which would allow water to flow onto the street. After a hearing, the trial court granted summary judgment in favor of defendant.

The record indicates that at about 10:30 a.m. on December 3, 1987, plaintiff was a passenger on a CTA bus which was travelling north on Michigan Avenue. At the intersection of Michigan Avenue and South Water Street, the bus stopped and plaintiff began to alight from the bus. As she descended the steps in the front of the bus, plaintiff slipped, fell, and landed sitting on the bottom step with her feet on the pavement. Plaintiff testified at her deposition that there was a lot of rain on December 3, 1987, and the steps of the bus were slippery or wet because of the rain.

On appeal, plaintiff asserts that the trial court erred in granting defendant summary judgment because defendant had a duty to provide buses which were equipped with a drainage system allowing excessive rain water to flow from the steps of the bus onto the street, and because the evidence presented created a question of fact as to whether defendant breached that duty.

We find that the trial court's decision was proper because defendant did not have a duty to protect plaintiff from the fall and injuries she sustained.

■ To state a cause of action for negligence, a plaintiff must allege the existence of a duty of care owed by defendant to plaintiff, a breach of that duty, and damages proximately resulting from the

breach. (*Rowe v. State Bank* (1988), 125 Ill. 2d 203, 215, 531 N.E.2d 1358, 1364; *Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 162, 456 N.E.2d 116, 118.) Although the issues of whether a duty has been breached and whether the breach proximately caused the injury are factual matters, the question of the existence of a duty is one of law for the court. *Rowe*, 125 Ill. 2d at 215, 531 N.E.2d at 1364; *Curtis*, 98 Ill. 2d at 163, 456 N.E.2d at 119.

■ Whether the law imposes a duty upon a defendant for injuries to a plaintiff depends upon the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden upon the defendant. (*Rowe*, 125 Ill. 2d at 228, 531 N.E.2d at 1370; *Lance v. Senior* (1967), 36 Ill. 2d 516, 518-19, 224 N.E.2d 231, 233.) If it appears from the facts that defendant owed no duty to plaintiff, summary judgment is proper. *Rowe*, 125 Ill. 2d at 215, 531 N.E.2d at 1364; *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 555, 328 N.E.2d 538, 540; *Barnes v. Washington* (1973), 56 Ill. 2d 22, 26, 305 N.E.2d 535, 538.

■ The issue to be decided here is whether defendant had a duty to remove rain water from the steps of its bus. Upon examination of the considerations set forth above, it is evident that although the likelihood of injury is great, even greater is the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant. It would be impractical to require the CTA to replace or retrofit each and every bus so all of its vehicles were equipped with a drainage system to allow water to flow onto the street. (See *Serritos v. Chicago Transit Authority* (1987), 153 Ill. App. 3d 265, 271, 505 N.E.2d 1034, 1039.) Defendant, a common carrier, was required to operate its bus with the highest degree of care consistent with the practical operation of the bus. (*Serritos*, 153 Ill. App. 3d at 271-72, 505 N.E.2d at 1038.) We do not believe that replacement or retrofitting of each and every bus is consistent with the practical operation of the CTA's bus service.

Moreover, we do not believe that a drainage device would cure the problem of which plaintiff complains. Plaintiff has not alleged that there was standing water on the steps of the bus. Consequently, there would not have been any water to drain through such a device. Plaintiff asserted that the steps were wet and slippery from the rain. Yet, a drainage device would not necessarily ensure that the steps of buses would remain dry or eliminate the possibility that a passenger might slip on steps that are slightly wet.

Plaintiff relies primarily upon *Wasserman v. City of Chicago* (1989), 190 Ill. App. 3d 1064, 547 N.E.2d 486, and argues that

defendant owed the highest degree of care to plaintiff and was obligated to provide plaintiff with a reasonably safe place to alight from the bus.

In *Wasserman*, the plaintiff fell on a pile of snow after she alighted from defendant's bus. The evidence established that the only point of egress from the place where the bus stopped was into deep piles of snow with no passages for pedestrian traffic and that plaintiff fell after taking just one step. In that case, this court noted that defendant had presented no evidence indicating that it was impossible to stop farther from the curb and the snow piles or at some other point along the street where plaintiff would have been able to circumvent or pass through the deep piles of snow. Accordingly, we held that the record presented a question of fact as to whether defendant had breached its duty to plaintiff. Thus, *Wasserman* focused on the conduct of the bus driver and found a question of fact as to whether defendant had breached its duty to provide the plaintiff a safe place to exit the bus.

In the instant case, there is no allegation that the driver stopped the bus at a point which was not safe for the plaintiff to alight. Rather, plaintiff has alleged that her injuries were caused by excessive rain water on the steps and argues that defendant was obligated to provide transportation on a bus which was equipped with a drainage device. Therefore, the focus in this case is on the safety of defendant's vehicles rather than on the driver's conduct or on the safety of the stopping point. Consequently, *Wasserman* is factually distinguishable from the case at bar and is not controlling here.

A motion for summary judgment should be granted when the pleadings, depositions, admissions, and affidavits establish that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005; *Kolakowski v. Voris* (1980), 83 Ill. 2d 388, 398, 415 N.E.2d 397, 402.) Considering the entire record in a light most favorable to the plaintiff, we hold that the defendant in this case had no duty to provide plaintiff transportation on a bus which was equipped with a drainage device to allow rain water to fall onto the street from the steps of the bus.

Defendant has asserted in this court that the plaintiff's complaint should have been dismissed because she failed to comply with the statutory notice provision. (Ill. Rev. Stat. 1987, ch. 111²/₃, par. 341.) The record indicates, however, that in the trial court defendant never filed a motion to dismiss the cause for failure to give the statutory notice and that the trial court's ruling was not predicated on the

plaintiff's failure to comply with the notice provision. Based upon our determination that the trial court properly entered summary judgment in favor of defendant, we need not address this argument here.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and RAKOWSKI, JJ., concur.