DOROTHY GRIFFIN, Plaintiff-Appellee, v. THE VILLAGE OF WIL-LOWBROOK, Defendant-Appellant.

Second District   No. 2—90—0789

Opinion filed April 16, 1991.

212

James L. DeAno, of O'Reilly, Cunningham, Norton & Mancini, of Wheaton, for appellant.

Gerard A. Facchini and Kenneth J. Sophie, both of Law Offices of Gerard A. Facchini, of Chicago, and Lloyd L. Speer, Jr., of Speer & Associates, and Edmund J. Siegert, of Tressler, Soderstrom, Maloney & Priess, both of Wheaton, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Defendant appeals from the judgment of the trial court, entered on the verdict of a jury, finding against defendant in a suit for negligence. We affirm.

Plaintiff, Dorothy Griffin, was walking side by side with her sister on a street in defendant, Village of Willowbrook (Willowbrook). A car parked in the driveway of Joseph Nolan extended beyond the end of the driveway and blocked approximately one-half of the sidewalk. Griffin stepped off of the sidewalk and into the parkway in order to walk around the vehicle; as she did, she tripped over a water valve cap or "buffalo box" sticking up approximately three inches above ground level in the parkway and fell into Nolan's driveway, injuring her wrists.

Griffin brought suit against Willowbrook and Nolan. Willowbrook filed a third-party complaint for contribution against Warren Mock,

owner of the vehicle that blocked the sidewalk on the day of Griffin's injury. Griffin settled with both Nolan and Mock prior to trial, and the court dismissed the third-party action against Mock.

Following trial, the jury returned a verdict in Griffin's favor for $30,000, reduced by 5% to $28,500 due to negligence attributed to Griffin. Judgment was entered on the verdict. Willowbrook filed a post-trial motion seeking, alternatively, a reduction of the judgment based on the settlements reached with Nolan and Mock, vacation of judgment with judgment entered in Willowbrook's favor, or a new trial. The court reduced the judgment against Willowbrook to $21,000 by virtue of the $7,500 Griffin received in total from Nolan and Mock and denied the remainder of the motion. Willowbrook now appeals.

■ In a negligence action, the plaintiff must prove a duty of care owed him by the defendant, breach of that duty, and an injury proximately caused by the breach. (*Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 162.) The existence of a duty of care is a question of law to be determined by the court. (*McLane v. Russell* (1989), 131 Ill. 2d 509, 514.) Willowbrook contends that it owed Griffin no duty of care because municipalities owe no duty of care to pedestrians walking in the parkway. We disagree.

Our supreme court in *Marshall v. City of Centralia* (1991), 143 Ill. 2d 1, recently considered the question of whether a municipality owed such a duty. In *Marshall*, the plaintiff walked on the parkway to avoid a muddy stretch of sidewalk and was injured when he stepped into an open manhole located in the parkway. After considering the Local Governmental and Governmental Employees Tort Immunity Act (Act) (Ill. Rev. Stat. 1987, ch. 85, par. 1—101 *et seq.*), Illinois common law prior to the Act, and the laws of many other jurisdictions, the court determined that "parkways, while beautifying the street, are also intended for the limited use of pedestrians." (*Marshall*, 143 Ill. 2d at 9-10.) The court then concluded that the plaintiff was "an intended and permitted user of the parkway" and that "the defendant had a duty to exercise ordinary care to maintain the parkway in a reasonably safe condition for the benefit of the plaintiff." *Marshall*, 143 Ill. 2d at 9.

■ In light of the *Marshall* court's ruling, we must determine whether Griffin was an intended and permitted user of the parkway under section 3—102(a) of the Act, which provides in relevant part:

> "Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it

was reasonably foreseeable that it would be used ***." (Ill. Rev. Stat. 1989, ch. 85, par. 3—102(a).)

We conclude that Griffin was an intended and permitted user of the parkway. While acknowledging the limited nature of pedestrian parkway usage (see *Marshall*, 143 Ill. 2d at 9-10), our supreme court listed a number of historical pedestrian uses of the parkway, including:

> "[T]o enter a car that is parked at the curb; to retrieve mail from a mailbox; to reach a neighbor's house across the street; to board a bus; to stand on so that others can pass you on the sidewalk; to cut the lawn; to trim the shrubs; and to rake the leaves." (*Marshall*, 143 Ill. 2d at 10.)

Griffin's usage of the parkway is consistent with the historical type of usage found intended and permitted by the *Marshall* court. The sidewalk that Griffin was traversing was obstructed by an automobile; in order to continue on her way, Griffin had to either walk on the parkway to pass the car or climb over the vehicle. Griffin, acting as any rational person would, chose to walk around the obstruction. It would be anomalous to penalize a pedestrian for taking a reasonable course of action. Griffin's walk on the parkway was both intended and permitted under the historical analysis set forth in *Marshall*. Therefore, the trial court properly found a duty on Willowbrook's part.

■ Willowbrook next contends that the court improperly refused to admit evidence of a Willowbrook ordinance that prohibits parking of vehicles in such a manner as to block the sidewalk. Village ordinance No. 84—0—29 states in relevant part:

> "*SECTION SIXTY-ONE*: That Title 8, Section 8—8—1 of the Village Code of the Village of Willowbrook entitled 'No Parking Places' is hereby deleted in its entirety and in lieu thereof, the following language shall be substituted:
>
> '8—8—1: STOPPING, STANDING OR PARKING PROHIBITED IN SPECIFIED PLACES: Except when necessary to avoid conflict with other traffic, or in compliance with law or the directions of a police officer or official traffic control device, no person shall:
>
> (A) Stop, stand or park a vehicle:
> ***
> 2. On a sidewalk."

Willowbrook argues that this statute should have been allowed as evidence of its attempt to keep sidewalks unobstructed and pedestrians off the parkway, thus fortifying its contention that pedestrians were not permitted and intended users of the parkway. We are not convinced. While a party is entitled to present material and relevant evidence on its

theory of the case (see *Vendo Co. v. Stoner* (1982), 108 Ill. App. 3d 51, 54), the evidence offered must tend to prove a disputed issue. (*Haffa v. Haffa* (1969), 115 Ill. App. 2d 467, 474.) In the case before us, the ordinance did not tend to prove that pedestrians are not intended or permitted users of parkways in Willowbrook. The ordinance merely tended to show that Willowbrook wanted to keep its sidewalks clear of obstructions. This ordinance in no way addressed pedestrians or their uses of parkways. Therefore, the court did not err in refusing to admit evidence of the ordinance.

■ Willowbrook finally contends that the court erred in not giving a proffered jury instruction. Willowbrook submitted a version of Illinois Pattern Jury Instructions, Civil, No. 12.04 (3d ed. 1990) (IPI Civil 3d), which stated:

"More than one person may be to blame for causing an injury. If you decide that the defendant was negligent and that its negligence was a proximate cause of injury to the plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame.

However, if you decide that the sole proximate cause of injury to the plaintiff was the conduct of some person other than the defendant, then your verdict should be for the defendant."

The "Notes on Use" accompanying IPI Civil 3d No. 12.04 state:

"The second paragraph should be used *only* where there is evidence tending to show that the sole proximate cause of the occurrence was the conduct of a third person." (Emphasis added.) (Illinois Pattern Jury Instructions, Civil, No. 12.04, Notes on Use (3d ed. 1990).)

The evidence at trial did not show that the "sole proximate cause" of the occurrence was a third party. Evidence showed that Willowbrook was in charge of the box over which Griffin tripped. Therefore, the proffered instruction containing the second paragraph of IPI Civil 3d No. 12.04 was not proper, and the court did not err in rejecting it.

For these reasons, the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and GEIGER, JJ., concur.