ALTA EVANS, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (3rd Division) No. 1—92—3957

Opinion filed November 29, 1995.

Kent M. Lucaccioni, of Ronald J. Lucaccioni, Ltd., of Chicago, for appellant.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Julian N. Henriques, Jr., Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE CERDA delivered the opinion of the court upon remand from the Illinois Supreme Court:

Plaintiff, Alta Evans, filed this personal injury action against defendant, City of Chicago, to recover for injuries she sustained when she fell into an open utility hole. According to plaintiff, defendant's negligence in maintaining the streets was the proximate cause of her injuries. The circuit court granted defendant's motion for summary judgment, holding that the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/1—101 *et seq.* (West 1992)) barred recovery. Plaintiff appeals, asserting that the court erred in finding as a matter of law that plaintiff was not an intended and permitted user of the street.

A review of the record reveals that plaintiff was waiting for a Chicago Transit Authority bus at the corner of Montrose and Kimball Avenues in Chicago around 6 p.m. on January 25, 1988. After waiting about five minutes, Evans entered the street to see if a bus was approaching and fell into an uncovered utility hole.

On December 15, 1988, plaintiff filed a complaint against defendant. In her amended complaint, plaintiff alleged that defendant failed to maintain the intersection, manhole and crosswalk in a reasonably safe condition for pedestrians. Defendant filed a motion for summary judgment asserting that defendant owed no duty to Evans pursuant to section 3—102(a) of the Act, which defines the duty of local public entities to maintain their property. (745 ILCS 10/3—102(a) (West 1992).) After a hearing, the trial court granted defendant's motion, and this appeal followed.

In a cause of action for negligence, the plaintiff must establish that the defendant owed the plaintiff a duty of care, that this duty was breached and that the breach was the proximate cause of an injury. (*Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 456 N.E.2d 116.) The determination of whether a duty existed is a question of

law, and the trial court's order granting summary judgment will be upheld if the court's determination that no duty existed was correct. *Marshall v. City of Centralia* (1991), 143 Ill. 2d 1, 570 N.E.2d 315.

■ Defendant's duty of care is defined as follows:

"[A] local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it is reasonably foreseeable that it would be used \*\*\*." (745 ILCS 10/3—102 (West 1992).)

Thus, defendant in this case owed plaintiff a duty of care if plaintiff was an intended and permitted user of the property.

■ In general, Illinois courts have held that pedestrians travelling on a public roadway outside the crosswalk are neither intended nor permitted users and thus are owed no duty of care. (See *Gabriel v. City of Edwardsville* (1992), 237 Ill. App. 3d 649, 604 N.E.2d 565; *Householder v. City of Bunker Hill* (1988), 172 Ill. App. 3d 1037, 527 N.E.2d 528.) An exception to this general principle has been carved out for pedestrians within the immediate area surrounding their legally parked vehicles. (*Di Domenico v. Village of Romeoville* (1988), 171 Ill. App. 3d 293, 525 N.E.2d 242.) This exception acknowledges that drivers of legally parked vehicles must be allowed to utilize a portion of the road as a pathway for travel to and from their cars. The necessity of a safe means of ingress and egress establishes the status of these individuals as intended and permitted users.

In the recent case of *Vaughn v. City of West Frankfort* (1995), 166 Ill. 2d 155, the court stated that the general rule in Illinois with regard to the duty of a municipality to maintain its streets in a reasonably safe condition is that, since pedestrians are not intended users of streets, a municipality does not owe a duty of reasonable care to pedestrians who attempt to cross a street outside the crosswalks. (*Vaughn*, 166 Ill. 2d at 158.) The court in *Vaughn* further stated that it recognized a narrow exception to the general rule and that a pedestrian entering or exiting a legally parked vehicle was an intended and permitted user of the street around the vehicle. Thus, a duty was imposed upon a municipality to maintain the street immediately around legally parked vehicles in a reasonably safe condition for pedestrians. (*Vaughn*, 166 Ill. 2d at 159.) In *Vaughn*, the court held that local municipalities owe no duty to maintain streets and roadways in a reasonably safe condition for pedestrians who cross a street outside the protection of the crosswalks.

■ In this case, the plaintiff was injured when she fell into an open utility hole that was 15 inches outside of an unmarked

crosswalk. There is no dispute that she was walking outside of the crosswalk at the time of the injury. Accordingly, we hold that the plaintiff was not an intended and permitted user of the street and the defendant municipality had no duty to maintain the street in a reasonably safe condition for plaintiff.

The judgment of the circuit court is affirmed.

Affirmed.

GREIMAN, P.J., and RIZZI, J., concur.