EDDIE SHARPE, Plaintiff-Appellant, *v.* JACKSON PARK HOSPITAL *et al.*, Defendants-Appellees.

First District (4th Division)    No. 80-1801

Opinion filed August 27, 1981.

David J. Gubbins, of Vitell, Greenfield, Johnson, Goldstein & Gubbins, Ltd., of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (William P. Door and Hugh C. Griffin, of counsel), for appellee Jackson Park Hospital.

Wildman, Harrold, Allen & Dixon, of Chicago (Donald Flayton, of counsel), for appellees Dr. Friedell, Dr. Lim, and Dr. David.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff, Eddie Sharpe, appeals from an order of the circuit court of Cook County dismissing with prejudice his second amended complaint charging medical malpractice by the defendants, Jackson Park Hospital and a number of doctors.

Plaintiff contends that the trial court erred in dismissing his action as barred by the statute of limitations (Ill. Rev. Stat. 1979, ch. 83, par. 22.1). The crux of the issue, which was resolved by this court in *Walsh v. Swedish Covenant Hospital* (1981), 97 Ill. App. 3d 1147, 424 N.E.2d 48, is whether the two-year statutory limitations period set forth in section 21.1 of the Limitations Act commences when the injury occurs or when the plaintiff knows or has reason to know of the existence of the injury. It is defendants' contention that if discovery of the alleged malpractice occurs within the two-year limitation period and the plaintiff had adequate time from discovery within which to file his action, the limitation runs from the date of the injury and not from the date of the discovery. On the other hand, if discovery occurs after the expiration of the two-year limitation period, then the time within which to file the cause of action begins to run from the date of discovery.

We reverse and remand.

Plaintiff's complaint, filed July 31, 1978 (six weeks later than defendants contend it should have been filed to meet the statute of limitations requirements), alleges that on June 11, 1976, defendants negligently treated a laceration on his right hand and arm. Plaintiff "first learned" of

the negligent acts of all defendants on September 9, 1976, when he was admitted to Cook County Hospital for treatment of the same injury. At Cook County Hospital, his right arm was amputated. If the statutory limitations period is measured from the date of the act of malpractice, then according to the facts alleged in the complaint, plaintiff discovered the alleged malpractice within the two-year limitations period (21 months before the two-year period expired), but he failed to file his complaint against the defendants until after the two-year limitations period had expired. Plaintiff contends, however, that he had two years from the discovery of the injury—the malpractice—within which to file his complaint, and since he filed his complaint 23 months after discovering the alleged malpractice, his action is timely.

OPINION

The parties agree that the statute of limitations set forth in section 21.1 applies to this medical malpractice action brought against the various physicians and hospital. Section 21.1 provides in pertinent part:

> "No action for damages for injury or death against any physician or hospital * * * shall be brought more than two years after the date on which the *claimant knew, or through the use of reasonable diligence should have known,* * * * *of the existence of the injury* * * *, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged * * * to have been the cause of such injury * * *.*" (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 83, par. 22.1.)

In *Walsh v. Swedish Covenant Hospital* (1981), 97 Ill. App. 3d 1147, 1150, 424 N.E.2d 48, 50, this court discussed section 21.1 and concluded that section 21.1 "clearly states that a plaintiff has two years from the time he knew or should have known of the existence of the injury" to commence his medical malpractice action. We also distinguished between sections 14, 15 and 21.1 of the limitations act. Section 14, which governs personal injuries (Ill. Rev. Stat. 1979, ch. 83, par. 15), and section 15 (Ill. Rev. Stat. 1979, ch. 83, par. 16), which governs all other civil actions not specifically covered, provide that the action must be commenced within two years or five years respectively after the cause of action accrued. Although section 14 does not contain any reference to the discovery rule, the Illinois Supreme Court recently held in *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, that the discovery rule applies to section 14. Under the judicially created discovery rule, a cause of action accrues when the plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that the injury was caused by the wrongful acts of another.

■■ The statutory language of section 21.1, unlike that of section 14,

assumes a discovery provision, and consequently section 21.1 does not need any judicial construction or justification to interpose a discovery provision into it. Section 21.1 simply provides that an action shall not be brought more than two years after the date in which the complainant knew or through the reasonable use of diligence should have known of the existence of the injury.[1] Thus, a plaintiff has two years from the date of discovery of an injury to commence an action.

Defendant relies upon *Evans v. Bachman* (1979), 78 Ill. App. 3d 1107, 398 N.E.2d 114, *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 376 N.E.2d 273, and *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, for the principle that when a plaintiff discovers an injury before the limitations period expires, yet fails to commence an action until after the period expires, the action is time-barred. Neither *Dolce* and *Evans* involved the application of section 21.1 and the statutory discovery rule contained therein. In dismissing the actions, both courts reasoned that since the traditional statute of limitations had not run, there was no need to impose the judicially created discovery rule. Since these cases were not decided under section 21.1, we believe they are distinguishable.

*Anderson v. Wagner*, in our view, is also inapplicable to the case at bar. There, the Illinois Supreme Court upheld section 21.1 and ruled that the maximum four year statute of limitations contained in section 21.1 barred the action. The court also discussed the plaintiff's argument that section 22 of the limitations act applied (Ill. Rev. Stat. 1979, ch. 83, par. 23). That section provides that if a person liable to an action *fraudulently conceals* the action, the action may be commenced at any time within five years after the person entitled to bring that action discovers he has the action. (Ill. Rev. Stat. 1979, ch. 83, par. 23.) Citing *Skrodzki v. Sherman State Bank* (1932), 348 Ill. 403, 181 N.E. 325, and *Solt v. McDowell* (1971), 132 Ill. App. 2d 864, 272 N.E.2d 53, the supreme court reiterated the rule that if at the time the plaintiff discovers the fraudulent concealment, or reasonable time remains within the applicable statute, section 22 does not toll the running of the statute.

Such a rule is logical in the context of fraudulent concealment of an action because once a party discovers the fraud, it is no longer concealed, and if time remains within which to file the action, section 22 cannot operate to toll the limitations period. By its terms, section 22 applies only to cases of fraudulent concealment of an action in which a party is unwittingly induced not to file his action until after expiration of the limitations period. Section 22 contemplates that the action will be fraudulently concealed throughout the applicable limitations period.

■■ In both *Skrodzki* and *Solt*, the plaintiffs could have discovered the alleged fraud prior to the expiration of the applicable statute of limita-

---

[1] Section 21.1 also has a four-year maximum limitations period.

tions because the fraudulent acts were not concealed and therefore there was no reason to apply section 22. In *Anderson*, plaintiff also discovered the alleged fraudulent act before expiration of the limitations period and consequently, there was no fraudulent concealment which induced plaintiff to file the action after the limitations period had run. Moreover, the supreme court specifically stated in *Anderson* that its discussion of section 22 was not to be equated with a holding that section 22 is applicable in medical malpractice cases. Accordingly, we do not believe that the court's discussion of section 22 has any precedential value to the cases here.

In our view, the trial court improperly granted the motion to dismiss and the decision must be reversed. As we held in *Walsh*, on remand the trier of fact must determine "under the statute when the plaintiff knew or reasonably should have known of the injury." This is a question of fact, unless the fact is undisputed and only one conclusion may be drawn from it. *Witherell v. Weimer* (1981), 85 Ill. 2d 146; *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161.

Accordingly, for the reasons stated, the judgment of the circuit court of Cook County is reversed and the case is remanded for further proceedings in accordance with the conclusions set forth.

Reversed and remanded.

ROMITI, P. J., and JIGANTI, J., concur.