(No. 55691.—

EDDIE SHARPE, Appellee, v. JACKSON PARK HOSPI-
TAL *et al.*, Appellants.

*Opinion filed September 17, 1982.*

Lord, Bissell & Brook, of Chicago (Williams P. Dorr

and Hugh C. Griffin, of counsel), for appellant Jackson Park Hospital.

Wildman, Harrold, Allen & Dixon, of Chicago (Donald Flayton, of counsel), for appellants Dr. Friedell, Dr. Lim, and Dr. David.

Nevoral and Corrigan, Ltd., of Chicago (Bernard R. Nevoral, James A. Corrigan, and Bryon J. O'Connor III, of counsel), for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

On July 31, 1978, plaintiff, Eddie Sharpe, filed suit in the circuit court of Cook County against defendants, Jackson Park Hospital and six physicians, Dr. Friedell, Dr. Lim, Dr. David, Dr. Kasbekar, Dr. Lewis, and Dr. Pilandapark. In his second amended complaint plaintiff alleged that on or about July 11, 1976, while present at Jackson Park Hospital, he was referred to the defendant physicians for treatment of and surgery upon his severely lacerated arm and hand; that defendants rendered plaintiff negligent treatment and care and that plaintiff "first learned of the negligent acts of all defendants on or about September 9, 1976" when he was admitted to Cook County Hospital for treatment of the same injury; and that as a result of the misconduct of defendants, plaintiff's right hand and forearm were amputated. Defendants Kasbekar, Lewis and Pilandapark do not appear to have been served with summons and filed no appearances in the circuit court. The circuit court allowed the motions to dismiss of defendants Friedell, Lim, David, and Jackson Park Hospital and entered judgment dismissing the action. Plaintiff appealed. The appellate court reversed and remanded (99 Ill. App. 3d 874), and we allowed defendants' petition for leave to appeal. 73 Ill. 2d R. 315.

The question presented is whether, when a plaintiff knows of his injury within two years of the act or omission which caused his injury, the limitation period provided in

section 21.1 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22.1) commences to run from the date when he knew of his injury or the date on which the alleged malpractice occurred. Section 21.1 in pertinent part provides:

> "No action for damages for injury or death against any physician or hospital *** shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known *** of the existence of the injury *** but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged *** to have been the cause of such injury ***." (Ill. Rev. Stat. 1977, ch. 83, par. 22.1.)

This court has not previously considered the precise issue presented, and the decisions of the appellate court are not in agreement. See *Walsh v. Swedish Covenant Hospital* (1981), 97 Ill. App. 3d 1147; *Kaufman v. Taub* (1980), 87 Ill. App. 3d 134; *Evans v. Bachman* (1979), 78 Ill. App. 3d 1107.

Defendants contend that because plaintiff learned of his injury within two years of the occurrence and had ample time within the traditional two-year limitation period to file suit (see Ill. Rev. Stat. 1977, ch. 83, par. 15), and failed to do so, under *Anderson v. Wagner* (1979), 79 Ill. 2d 295, his action is barred. They argue that after plaintiff learned of his cause of action he had 21 months to file suit and that "the injustice which the discovery rule is intended to cure is not present." Therefore, they argue, we should refuse to invoke it. Plaintiff contends that under the clear and explicit language of section 21.1 the only relevance of the date of last treatment to the computation of the period of limitations is to establish the four-year maximum limitation; that the injured party has a full two years from the date on which he knew or in the exercise of reasonable diligence should have known of the existence of the injury within which to bring the action and that in *Anderson* the court did not decide whether section 21.1 was applicable to a situation in which a plaintiff becomes aware of his cause of action

within two years of the occurrence.

In *Anderson* the court rejected the contention that section 21.1 was invalid as special legislation proscribed by article IV, section 13, of the Constitution of 1970. The plaintiffs in one of the consolidated cases had alleged that the defendant had fraudulently concealed his negligent conduct from the plaintiffs, thus invoking section 22 of the Limitations Act, which provided:

> "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards." (Ill. Rev. Stat. 1977, ch. 83, par. 23.)

The court held that under the allegations of the amended complaint the statute of limitations would not have run for a minimum period of seven months or a maximum period of 16 months, and that the circuit court had not erred in holding that plaintiffs had failed to exercise due diligence after discovery of the alleged fraud. *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 322.) The court expressly stated that it did not by its decision hold section 22 applicable to medical malpractice cases.

The language of section 21.1 clearly and unequivocally provides for a period of two years "after the date on which the claimant knew, or through the use of reasonable diligence should have known *** of the existence of the injury ***." When this occurred is ordinarily a question of fact (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156; *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 171) and as pleaded here is admitted for the purposes of defendants' motions to dismiss.

The appellate court correctly construed the statute and the judgment is affirmed.

*Judgment affirmed.*