KATHLEEN JUHASZ *et al.*, Plaintiffs-Appellants, v. THOMAS HEJNA, M.D., Defendant (Suburban Hospital and Sanitarium of Cook County, Defendant-Appellee).

First District (5th Division) No. 83—2227

Opinion filed December 13, 1985.

Marshall I. Teichner, Ltd., of Chicago (Gregory R. Sun, of counsel), for appellants.

Cassiday, Schade & Gloor, of Chicago (Rudolf G. Schade, Jr., and Joseph M. Scordro, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

This action was brought to recover damages allegedly caused by an unnecessary hysterectomy performed on plaintiff Kathleen Juhasz by defendant, Dr. Thomas Hejna, at defendant Suburban Hospital and Sanitarium of Cook County. The circuit court granted the defendant hospital's motion to dismiss on limitation grounds and denied plain-

tiffs leave to amend their complaint to include allegations of a late discovery of the unnecessary nature of the operation such as would toll the statute. Plaintiffs appeal from that order and its affirmance at rehearing.

We reverse and remand.

Plaintiffs filed their original complaint on February 6, 1981, naming as defendants Dr. Hejna and "Hinsdale Suburban Sanitarium and Hospital," alleged to be located at 120 North Oak Street in Hinsdale. In fact the hospital at that location was Hinsdale Sanitarium and Hospital. On September 16, 1981, summons was issued to be served on the entity named in the complaint. Hinsdale Sanitarium and Hospital then notified plaintiffs that the correct party was "Hinsdale Suburban Hospital," 55th Street and County Line Road, Hinsdale. This was in fact the location of the defendant, Suburban Hospital and Sanitarium of Cook County. On December 23, 1981, an alias summons and complaint was served on the defendant at its correct address, but issued to "Hinsdale Suburban Hospital." Defendant moved to quash that summons on May 28, 1982, on the ground that it (the defendant hospital) was not the entity named in the complaint. Hearing on that motion was continued on several occasions until September 7, 1982. Meanwhile, on June 24, 1982, plaintiffs obtained leave to file their first amended complaint at law so as to correct the misnomer of the defendant hospital. The amended complaint was filed that same day, correctly naming the defendant hospital. On September 7, 1982, the circuit court granted defendant hospital's motion to quash service of the alias summons that had issued pursuant to the original complaint. Service of the first amended complaint was had upon the defendant hospital on September 22, 1982.

On November 10, 1982, the defendant hospital moved to dismiss the first amended complaint as to it because it had not been named as a party within the applicable statute of limitations period (two years after the February 7, 1979, date of the operation). (Ill. Rev. Stat. 1983, ch. 110, par. 13—212.) Subsequently, the first amended complaint was dismissed on grounds not pertinent to this appeal and a second amended complaint was filed on March 15, 1983.

On April 29, 1983, the circuit court granted defendant hospital's motion to dismiss the second amended complaint. Plaintiffs requested leave to file a third amended complaint which would contain allegations that the unnecessary nature of the operation was not discovered for nearly two years after it was performed. The court denied this motion and dismissed the complaint with prejudice because no third amended complaint was actually tendered. However, the court also in-

dicated that it would later entertain a motion to vacate if counsel presented a third amended complaint within 30 days.

Plaintiffs' counsel subsequently did present a third amended complaint and moved to vacate the dismissal. In essence, the amendments added allegations that the plaintiff had not discovered the unnecessary nature of her operation until December 1980. Under section 13—212 of the Code of Civil Procedure, if it were subsequently established that this was the first date plaintiff reasonably should have discovered this fact then the limitations period in which she could sue the hospital would have extended for two years from that discovery date, subject only to an outside limitation of four years from the date of the act causing the injury. (Ill. Rev. Stat. 1983, ch. 110, par. 13—212.) Thus, because plaintiff had on June 24, 1982, filed her first amended complaint correctly naming the defendant within two years of the alleged discovery date of December 1980 and within four years of the February 7, 1979, date of the occurrence, her suit would have been properly brought within the applicable limitations period.

The circuit court denied plaintiffs' motion to vacate solely upon its finding, apparently as a matter of law, that because the three prior versions of the complaint had omitted any allegations of a subsequent discovery date the court was required to find that the discovery date was the date of the operation itself, February 7, 1979. We find that the court had no basis for making such a finding and that it abused its discretion in doing so.

The question of when an injury was or reasonably should have been discovered is ordinarily a question of fact to be resolved by the finder of fact. (*Sharpe v. Jackson Park Hospital* (1982), 92 Ill. 2d 232, 441 N.E.2d 645; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869.) Only where it is apparent from undisputed facts that only one conclusion can be drawn does the question become one for the court. (85 Ill. 2d 146, 421 N.E.2d 869.) In this cause the allegations of discovery contained in plaintiffs' proposed third amended complaint are of course not even yet disputed. Nor is that allegation inconsistent with the prior pleadings filed by the plaintiffs. The original complaint and the first amended complaint were filed at a time when no limitations issue had even been raised by any defendant. The second amended complaint, although filed after the defendant hospital had moved to dismiss on limitations grounds, was filed to correct certain deficiencies unrelated to the limitations issue and was filed prior to the circuit court's determination that a discovery allegation would be necessary. We would also note that those earlier pleadings did allege that the plaintiffs' injuries were the result of an unnecessary op-

eration, which by its very nature is not ordinarily susceptible to immediate discovery.

■ Leave to amend a complaint should be granted unless it is apparent that even after amendment no cause of action can be stated. (*Arnold v. Leahy Home Building Co.* (1981), 95 Ill. App. 3d 501, 420 N.E.2d 699.) In this cause we find that the circuit court abused its discretion by failing to vacate its dismissal with prejudice of plaintiffs' complaint as to the defendant hospital and by failing to grant the plaintiffs leave to file an amended complaint which on its face brought the plaintiffs' action within the applicable limitations period. Because of this determination we need not reach the issue of whether that dismissal was also erroneous on the grounds that service had been properly obtained on the defendant hospital, albeit under a misnomer, within two years of the date of the operation itself.

The judgment of the circuit court is reversed and the cause remanded with directions that plaintiffs be permitted to file their third amended complaint.

Reversed and remanded, with directions.

SULLIVAN, P.J., and PINCHAM, J., concur.