GABRIEL HALE, Adm'r of the Estate of Marcella Hale, Deceased, Plaintiff-Appellant, v. DR. MICHAEL MURPHY *et al.*, Defendants-Appellees.

Fifth District   No. 5—86—0078

Opinion filed June 19, 1987.—Rehearing denied July 24, 1987.

James J. Logan, of St. Louis, Missouri, for appellant.

Tracy P. Christianson and Thomas W. Alvey, Jr., both of Thompson & Mitchell, of Belleville, for appellee Protestant Hospital Builders Club, Inc.

Robert W. Schmieder, Stephen R. Swofford, and Lynn D. Dowd, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee Dr. Michael Murphy.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Gabriel Hale, suing in his capacity as administrator of the estate of his wife, Marcella Hale, filed a complaint in the circuit court of St. Clair County alleging Marcella Hale died as a result of the medical malpractice of defendants, Dr. Michael G. Murphy and the Protestant Hospital Builders Club, Inc., d/b/a Memorial Hospital. Plaintiff appeals from an order of the trial court which dismissed the action with prejudice on the ground it was barred by the statute of limitations. On appeal, plaintiff contends the action was timely filed under section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—212, formerly ch. 83, par. 22.1) because he did not discover Marcella's death was wrongfully caused until more than 21 months after her death. We reverse and remand.

Plaintiff filed a complaint against the two defendants on April 12, 1985, alleging that Marcella had undergone surgery for a rup-

tured disc on March 3, 1982, at Memorial Hospital in Belleville. Dr. Murphy allegedly performed the surgery, known as "a lumbar decompression with discectomy." The complaint alleges that as a result of the surgery and conditions which occurred after the operation, Marcella died on March 6, 1982. The complaint also alleges that defendants knew or should have known that Marcella suffered from a heart condition at the time of the surgery and that Dr. Murphy told Marcella's family that the cause of death was an acute, sudden myocardial infarction. Defendant Memorial Hospital filed a motion to dismiss the complaint on May 28, 1985, based in part on the ground that the action was barred by the statute of limitations. On July 12, 1985, the court granted the motion, but granted plaintiff leave to amend the complaint to allege facts under the so-called "discovery rule" of the statute of limitations. On August 9, 1985, plaintiff filed an amended complaint relying upon the provisions of section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—212) to allege that plaintiff did not know and could not have known the death was wrongfully caused until December 30, 1983. Defendant Memorial Hospital filed a new motion to dismiss the complaint on September 9, 1985. The court granted this motion on January 23, 1986, dismissing the complaint with prejudice as to both defendants on the ground it was barred by the statute of limitations.

■ At issue here is the application of section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—212), which in pertinent part states:

> "No action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death ***." (Ill. Rev. Stat. 1985, ch. 110, par. 13—212.)

Section 13—212 is applicable to an action brought under the Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, par.1 et seq.). Coleman v. Hinsdale Emergency Medical Corp. (1982), 108 Ill. App. 3d 525,529, 439 N.E.2d 20, 24.

■ This "discovery rule" in section 13—212 has been interpreted to mean that the statute starts to run when a person knows or reasonably should know of an injury and also knows or reasonably should know that it was wrongfully caused. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, 421 N.E.2d 869, 874; *Coleman v. Hinsdale Emergency Medical Corp.* (1982), 108 Ill. App. 3d 525, 531, 439 N.E.2d 20, 25.) At that point the burden is upon the injured person to inquire further as to the existence of a cause of action. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, 421 N.E.2d 869, 874.) In *Saunders v. Klungboonkrong* (1986), 150 Ill. App. 3d 56, 501 N.E.2d 882, we stated:

> " 'Wrongfully caused,' however, does not mean knowledge of a specific defendant's negligent conduct or knowledge that an actionable wrong was committed. [Citations.] Rather, a plaintiff knows or should know his injury was 'wrongfully caused' when he 'becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved.' [Citations.]
>
> In determining when a plaintiff knew or reasonably should have known that his injury was caused by defendant's wrongful conduct, courts often look to the nature of the injury itself. [Citation.] If the injury is traumatic in nature, that is, immediate and caused by an external force or violence, the plaintiff knows or should know of his right to sue when injured. [Citations.] The more obvious the injury, the more easily a plaintiff should be able to determine its cause. [Citations.] If the injury is, however, an aggravation of a physical problem which may naturally develop, absent negligent causes, a plaintiff is not expected to immediately know of either its existence or potential wrongful cause." 150 Ill. App. 3d 56, 59-60, 501 N.E.2d 882, 885.

Plaintiff alleges he did not know his wife's death was caused by wrongful conduct until December 30 of 1983, more than 21 months after her death. Defendants argue that a death three days after back surgery is the type of traumatic injury which should have alerted plaintiff to possible wrongful causation, prompting him to investigate further.

■ The appellate court in *Fure v. Sherman Hospital* (1978), 64 Ill. App. 3d 259, 270, 380 N.E.2d 1376, 1385, held that the fact a victim of malpractice dies does not *per se* foreclose use of the discovery doctrine. In other words, the fact a death has occurred does not

automatically put one on notice the death was wrongfully caused. In *Coleman v. Hinsdale Emergency Medical Corp.* (1982), 108 Ill. App. 3d 525, 531, 439 N.E.2d 20, 25, the court agreed with the decision in *Fure* and held that there must be discovery not only of the death but also its wrongful causation before the limitations period begins to run.

█ Applying *Fure* and *Coleman*, we cannot state as a matter of law that because Marcella Hale died three days after undergoing surgery for a ruptured disc that plaintiff should have known at the time of the death that it was wrongfully caused. Plaintiff could have reasonably believed her death was the result of a nonnegligent factor. The complaint alleges that Marcella suffered from a heart condition. It also alleges that Dr. Murphy told the family Marcella died from a myocardial infarction, or heart attack. Plaintiff could have reasonably believed Marcella's death was caused by a progression of the pre-existing heart condition or some other unknown nonnegligent factor. See *Saunders v. Klungboonkrong* (1986), 150 Ill. App. 3d 56, 501 N.E.2d 882 (amputation of hand not traumatic injury where it may have resulted from an earlier procedure, from a preexisting diabetic condition, or some unknown factor). See also *Pszenny v. General Electric Co.* (1985), 132 Ill. App. 3d 964, 478 N.E.2d 485; *Watkins v. Health & Hospitals Governing Com.* (1979), 78 Ill. App. 3d 468, 397 N.E.2d 228.

█ The question of when plaintiff knew or should have known his wife's death was wrongfully caused is a question of fact which cannot be resolved based only upon the complaint and motion to dismiss. We conclude the order dismissing the complaint must be reversed and the cause remanded.

█ We must reject defendants' argument that because plaintiff admits in his complaint that he became aware of his cause of action in December of 1983, which was within two years of the death, that the discovery rule cannot be invoked here to extend the time for filing beyond two years from the date of Marcella's death. Defendants contend, relying upon *Evans v. Bachman* (1979), 78 Ill. App. 3d 1107, 398 N.E.2d 114, and *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 376 N.E.2d 273, that if the plaintiff knows of an injury and its wrongful causation prior to the running of the statute of limitations for wrongful death actions (Ill. Rev. Stat. 1985, ch. 70, par. 2(c)), and has a reasonable amount of time to file the action before this limitations period has run, that he cannot invoke the discovery rule to extend the time for filing. The court in *Coleman* discussed the decisions in *Dolce* and *Evans*, found them inapplicable, then con-

cluded that "in a wrongful death case, the plaintiff has two years after the discovery that the death was wrongfully caused in which to file her action, regardless of whether the discovery had occurred prior to the expiration of the traditional two-year period [for personal injury cases]." (*Coleman v. Hinsdale Emergency Medical Corp.* (1982), 108 Ill. App. 3d 525, 533, 439 N.E.2d 20, 27.) If it is irrelevant that discovery occurs within the two-year period found in the statute of limitations for personal injury actions, it can be inferred from *Coleman,* a wrongful death case, that it must also be irrelevant that it occurs within the two-year period found in the Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, par. 2(c)). Also, in *Sharpe v. Jackson Park Hospital* (1982), 92 Ill. 2d 232, 441 N.E.2d 645, the supreme court, in a medical malpractice case not involving a death, stated that the issue before it was "whether, when a plaintiff knows of his injury within two years of the act or omission which caused his injury, the limitation period of [section 13—212] commences to run from the date when he knew of his injury or the date on which the alleged malpractice occurred." (92 Ill. 2d 232, 233-34, 441 N.E.2d 645, 646.) The court held that the statute clearly provides for a two-year period from the date a plaintiff knew or should have known of the injury, regardless of whether he became aware of the injury within two years of the date on which it occurred. 92 Ill. 2d 232, 235, 441 N.E.2d 645, 647.

For the foregoing reasons, the order of the circuit court of St. Clair County dismissing the amended complaint with prejudice is reversed and the cause remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

WELCH and KASSERMAN,[1] JJ., concur.

---

[1]Justice Kasserman replaces Justice Jones, who retired after the cause was taken under advisement.