JERONIMO H. GARCIA, Plaintiff-Appellant, v. STEPHEN G. PINTO *et al.*, Defendants-Appellees.

First District (3rd Division)　No. 1—92—0809

Opinion filed December 29, 1993.

Stillo & DeMeo, of Chicago, for appellant.

Hinshaw & Culbertson, of Chicago (Nancy G. Lischer and Edward J. Rolwes, of counsel), for appellees.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Jeronimo Garcia appeals the trial court's dismissal of his legal malpractice action against defendants Stephen G. Pinto and Stephen G. Pinto, Ltd. The trial court found that plaintiff's action was time barred by a five-year statute of limitations period.

We reverse and remand the dismissal of plaintiff's complaint because we find that the limitations period for the filing of the complaint was extended by the discovery rule.

On December 18, 1986, plaintiff filed his legal malpractice action against defendants arising from defendants' representation of plaintiff in a workers' compensation claim. In his complaint, plaintiff alleged that the claim filed with the Industrial Commission was dismissed for want of prosecution on November 18, 1981, and that such dismissal was caused by various acts of negligence on the part of defendants.

Defendants moved to dismiss the complaint on the grounds that it was barred by the applicable statute of limitations, which was set out in section 13—205 of the Code of Civil Procedure and which stated that civil actions not otherwise provided for "shall be commenced within 5 years next after the cause of action accrued." (Ill. Rev. Stat. 1985, ch. 110, par. 13—205.) Defendants asserted that plaintiff's cause of action accrued on November 18, 1981, *i.e.*, the date plaintiff's workers' compensation claim was dismissed for want of prosecution, and, therefore, the five-year limitation period expired on November 18, 1986, *i.e.*, one month before plaintiff filed his lawsuit.

Defendants' motion to dismiss further alleged that on April 1, 1984, plaintiff, according to his deposition testimony, became aware of the dismissal of his workers' compensation claim and suspected that the dismissal resulted from defendants' negligence. Since the statute of limitations would not expire for $2^1/2$ years (November 18, 1986) subsequent to the time plaintiff knew about defendants' alleged

negligence (April 1, 1984), defendants maintained that there was no need to resort to the discovery rule to extend the limitations period from the time of plaintiff's discovery of the existence of a cause of action.

The trial court expressly followed the decision in *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 376 N.E.2d 273, and refused to apply the discovery rule in determining when plaintiff's cause of action accrued and thereby granted defendants' motion to dismiss.

On appeal plaintiff asserts that his cause of action accrued in April 1984 when he discovered the malpractice of his attorney and that the statute of limitations would then begin to run with the application of the discovery rule. Plaintiff argues that *Dolce* was wrongly decided and improperly limited the discovery rule.

Defendants contend that we ought to follow *Dolce*, which precludes application of the discovery rule where the plaintiff discovers his cause of action and still has a reasonable time within which to file an action before expiration of the limitations period. In the case at bar, plaintiff acknowledges that he had $2^1/_2$ years after discovery of a cause of action within which to file the action against defendants.

■ Initially we observe that legal malpractice claims prior to 1991 were governed by section 13—205 (*e.g., Suppressed v. Suppressed* (1990), 206 Ill. App. 3d 918, 565 N.E.2d 101), which imposed the general five-year period of limitations at issue in the present case. However, a specific statute of limitations for legal malpractice claims became effective on January 1, 1991, and provides that such action "must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." (Ill. Rev. Stat. 1991, ch. 110, par. 13—214.3(b) (now 735 ILCS 5/13—214.3(b) (West 1992)).) Section 13—214.3 statutorily accepts the discovery rule which serves to trigger a statute of limitations period at the time the injured party knows or reasonably should know that he has suffered an injury which was wrongfully caused.

We cannot and do not apply section 13—214.3 retrospectively to resolve the issue before us now. We find, however, that courts have often applied the discovery rule to various causes of actions in accordance with the principles underlying the recently enacted section 13—214.3 and contrary to the *Dolce* decision.

We recognize that Illinois appellate courts, together with courts in other jurisdictions, have taken different positions as to when a legal malpractice action accrues. (*Belden v. Emmerman* (1990), 203 Ill. App. 3d 265, 268-69, 560 N.E.2d 1180; *Zupan v. Berman* (1986),

142 Ill. App. 3d 396, 398, 491 N.E.2d 1349; *Tucek v. Grant* (1984), 129 Ill. App. 3d 236, 240, 472 N.E.2d 563.) *Belden* and *Zupan* were both decided in the first district subsequent to *Dolce*, and while they acknowledged the split in authority on this issue, they found that their results would be the same regardless which line of authority they followed. Accordingly, neither *Belden* nor *Zupan* addressed, let alone supported, the reasonableness and soundness of the *Dolce* opinion, which has been the subject of criticism (see, *e.g.*, *Bonanno v. Potthoff* (N.D. Ill. 1981), 527 F. Supp. 561, 565).

Notwithstanding this conflict, we reverse and remand because our courts have determined that the discovery rule postpones the starting of the period of limitations until the injured party knows or should have known of his injury. *Superior Bank FSB v. Golding* (1992), 152 Ill. 2d 480, 605 N.E.2d 514; *Stelzer v. Matthews Roofing Co.* (1987), 117 Ill. 2d 186, 511 N.E.2d 421; *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976; *Hale v. Murphy* (1987), 157 Ill. App. 3d 531, 510 N.E.2d 488; *Tucek*, 129 Ill. App. 3d 236, 472 N.E.2d 563; *Coleman v. Hinsdale Emergency Medical Corp.* (1982), 108 Ill. App. 3d 525, 439 N.E.2d 20; *Kohler v. Woollen, Brown & Hawkins* (1973), 15 Ill. App. 3d 455, 304 N.E.2d 677; *Bonanno*, 527 F. Supp. 561.

■ Generally, a cause of action for legal malpractice arises at the time of the negligent act when the attorney breaches his duty to act skillfully and diligently in representing his client. The discovery rule, however, operates to delay the commencement of the relevant statute of limitations until the plaintiff knows or reasonably should know that he has suffered injury and that the injury was wrongfully caused. *Knox College*, 88 Ill. 2d at 415; see also *Jackson Jordan, Inc. v. Leydig, Voit & Mayer* (December 4, 1992), No. 70410 (the court granted rehearing and issued a new opinion January 20, 1994 (158 Ill. 2d 240)).

■ The purpose of the discovery rule is to prevent the injustice which occurs when the statute of limitations expires before a party has reason to know of the existence of the cause of action. *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656.

Since *Dolce*, Illinois cases have rather uniformly repeated that "the statute starts to run when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." (*Knox College*, 88 Ill. 2d at 415.) Illinois cases have not focused on the time left between the discovery of a cause of action and the termination of the statute of limitations from the beginning of the act but instead have been concerned with the moment of commencement of the running of the statute of limitations.

■ Defendants urge that we consider the "reasonable time rule" because it will discourage the presence of stale claims and encourage diligence in bringing actions. However, allowing a plaintiff to bring his action only within "a reasonable time" of discovery before the expiration of the original statute of limitations can lead to unfair and rather bizarre results. For example, if the plaintiff discovers his claim four years and four months after the wrongful act, he has eight months within which to bring suit, but if he discovers his claim five or six months later, he has five years within which to bring the suit. See *Bonanno*, 527 F. Supp. 561.

Defendants also suggest that the court can easily determine what a "reasonable time" is within which a party discovering a wrong can file suit. On the other hand, plaintiff argues that such determination is unnecessary for a court to decide since the trier of fact need only determine when the plaintiff reasonably knew that he had been injured and had a right of action.

Although there is a strong public policy in having some finality for a potential defendant, some actions are not greatly complicated by the passage of time and the ends of justice are served by permitting the plaintiff to sue where he either knows or reasonably should know that he is being or has been injured. *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864.

While we recognize that plaintiff had $2\frac{1}{2}$ years to file the action, our focus is upon the commencement date of the discovery of the cause of action. Accordingly, our analysis affords parties a uniform result allowing plaintiffs the same five-year period of limitations after discovery of their claim.

We therefore reverse the trial court's order which granted defendants' motion to dismiss and remand this case for further proceedings.

Reversed and remanded.

RIZZI and CERDA, JJ., concur.