ROBERT GREEN *et al.*, Plaintiffs-Appellants, v. JEWEL FOOD STORES, INC., Defendant-Appellee.

First District (2nd Division)   No. 1—02—1856

Opinion filed September 9, 2003.—Rehearing denied October 10, 2003.

Roosevelt Thomas, of Westrate & Holmstrom, P.C., of Dowagiac, Michigan, for appellants.

Paul A. Tanzillo and Andrew T. Fleishman, both of McBreen, Kopko, McKay & Nora, of Chicago, for appellee.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiffs Robert and Doris Green appeal from an order of summary judgment entered in favor of defendant, Jewel Food Stores, Inc. Plaintiffs contend that the trial court erred in disposing of their negligence complaint by finding that defendant owed no duty to the plaintiffs. We believe the undisputed facts of this case fall within the distraction exception set out in *Ward v. K mart Corp.*, 136 Ill. 2d 132, 554 N.E.2d 223 (1990), and require that the question of duty be resolved against defendant. We reverse and remand.

The Greens filed a complaint seeking damages for injuries sustained when Doris fell while exiting defendant's store in Oaklawn, Illinois. Plaintiffs alleged that defendant negligently maintained an inherently unsafe environment at the store's exit where there were unattended shopping carts and a one-inch ridge in the pavement. Doris claimed that the unsafe conditions were the proximate cause of her injury, a broken patella (kneecap). Her husband Robert sought damages for loss of consortium. The trial court granted defendant's motion for summary judgment, finding: (1) defendant did not breach a duty of care owed to plaintiffs; (2) the record was uncontested with no unanswered questions of fact; and (3) there was no unreasonably unsafe condition on defendant's property as a matter of law.

The pleadings, depositions and photographs of record show that Doris and her husband's cousin, Eleanor Hastie, entered defendant's store at about 9:30 a.m. on November 16, 1997. Doris was visiting from Michigan and had not previously shopped at that store. Robert waited in the car while the women shopped. Doris exited the store, carrying her purse over her shoulder and a plastic shopping bag containing one or two items in her hand. Hastie was behind Doris. A customer exiting in front of Doris pushed an empty shopping cart toward a cart storage area. When Doris noticed the cart was rolling down a slope toward the parking lot, she grabbed it by the handle to stop it. She then fell.

In a recorded statement on November 20, 1997, Doris said as she and Hastie exited the store, a man ahead of them "just gave his cart a shove." Doris said, "I grabbed for [the cart] so it wouldn't be out in the cars or hit a car." When asked why she thought she fell, Doris replied, "I really don't know what caused it *** unless it was this bump that [Robert] said was there." The bump referred to a ridge between the cement sidewalk and the asphalt paving of the parking lot that Robert noticed and photographed when he returned to the scene the next day. Doris later stated in a discovery deposition on September 19, 2000, "[t]here was a ridge, but I think [it was] the cart that made me fall." She estimated the ridge to have been about one inch high.

Robert also gave a deposition on September 19, 2000. He said he saw Doris exit the store and then saw her on the ground. He did not see her fall but believed she fell because "when she grabbed that cart I think she didn't notice this little ridge" where the cement was "a little higher" than the asphalt. He said he did not notice the ridge until he returned to the scene the next day.

Hastie gave a deposition on May 23, 2001. She said she was walking 10 to 12 feet behind Doris and she believed Doris fell because she lost her balance as she reached out to grab the empty cart.

Ginger Lane, defendant's employee, gave a recorded statement on December 8, 1997, in which she said she saw Doris after the fall. Lane said Doris was on the ground on an incline that was dry and clean with no cracks in the pavement.

■ The standard of review of a trial court's grant of a motion for summary judgment is de novo. Morris v. Margulis, 197 Ill. 2d 28, 35, 754 N.E.2d 314 (2001). We construe all evidence strictly against the moving party and liberally in favor of the nonmoving party. Espinoza v. Elgin, Joliet & Eastern Ry. Co., 165 Ill. 2d 107, 113, 649 N.E.2d 1323 (1995).

■ A plaintiff states a cause of action for negligence by establishing: (1) that the defendant owed a duty of care to the plaintiff; (2) the defendant breached the duty; (3) an injury occurred; and (4) the injury was proximately caused by the defendant's breach. Curatola v. Village of Niles, 154 Ill. 2d 201, 207, 608 N.E.2d 882 (1993). Whether a duty of care exists is a question of law which may be decided on a motion for summary judgment. Curatola, 154 Ill. 2d at 207.

■ A business operator generally owes his customers a duty to exercise reasonable care to maintain his premises in a reasonably safe condition. Ward, 136 Ill. 2d at 141. To decide whether a duty exists, we consider: (1) the foreseeability that the defendant's conduct will result in injury to another; (2) the likelihood of injury; (3) the burden of guarding against injury; and (4) the consequences of placing that burden on the defendant. Curatola, 154 Ill. 2d at 214. A party who owns or controls land is not required to foresee injuries if the potentially dangerous condition is open and obvious. Bucheleres v. Chicago Park District, 171 Ill. 2d 435, 447-48, 665 N.E.2d 826 (1996). The term "obvious" means that " 'both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment.' " Deibert v. Bauer Brothers Construction Co., 141 Ill. 2d 430, 435, 566 N.E.2d 239 (1990), quoting Restatement (Second) of Torts § 343A, Comment b, at 219 (1965). In Deibert, however, the supreme court noted that, even though a deep rut in the ground at a

construction site was an obvious hazard, it was foreseeable that the injured employee's attention would be distracted by the possibility of construction debris being thrown from an adjacent balcony. *Deibert*, 141 Ill. 2d at 438.

Plaintiffs rely on the reasoning that governed our supreme court's decision in *Ward*, 136 Ill. 2d at 147. Plaintiffs argue that open and obvious conditions do not necessarily relieve a defendant of a duty of reasonable care. In *Ward*, the supreme court held that a property owner owed a duty of care to a customer even though the customer was injured after encountering an obvious condition, if the defendant should reasonably anticipate that the plaintiff would be distracted. There, the plaintiff was injured when, while carrying a large mirror he had just purchased at defendant's store, he walked into a concrete post located just outside the store entrance. *Ward*, 136 Ill. 2d at 138. The court concluded that the defendant owed the plaintiff a duty of care because it was reasonable to expect that the plaintiff's attention might be distracted from the pole, an obvious condition, as he carried a large item from the store. *Ward*, 136 Ill. 2d at 149-50, adopting the reasoning in Restatement (Second) of Torts, § 343A, Comment *f*, at 220 (1965). The Restatement provides:

> "Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor [of land] has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. [Citation.] It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances." Restatement (Second) of Torts, § 343A, Comment *f*, at 220 (1965).

The court in *Ward* held that the proper inquiry in deciding whether the distraction exception applies to the open and obvious doctrine is "whether the defendant should reasonably anticipate injury to those entrants on his premises who are generally exercising reasonable care for their own safety, but who may reasonably be expected to be distracted, as when carrying large bundles, or forgetful of the condition after having momentarily encountered it." *Ward*, 136 Ill. 2d at 152. Whether the hazardous condition itself operated as adequate notice of its presence or whether additional precautions were required

to satisfy the defendant's duty of care are questions properly left to the trier of fact. *Ward*, 136 Ill. 2d at 156.

The narrow question in this case is, Should defendant have reasonably anticipated that a shopper would be momentarily distracted from an open and obvious danger—the ridge or bump—by the sudden motion of an errant cart? Our reversal is informed by cases reliant on *Ward*: *Buchaklian v. Lake County Family Young Men's Christian Ass'n*, 314 Ill. App. 3d 195, 200-01, 732 N.E.2d 596 (2000), and *Maschhoff v. National Super Markets, Inc.*, 230 Ill. App. 3d 169, 172-73, 595 N.E.2d 665 (1992).

In *Buchaklian*, a YMCA member tripped and fell while walking across uneven mats on the floor of the defendant's facility. The trial court granted the defendant's motions for summary judgment, finding that no question of fact existed as to the open and obvious nature of the uneven mats. In denying the plaintiff's motion for reconsideration, the trial court further found that the defendant had no notice of the alleged condition and the defendant owed the plaintiff no duty as a matter of law. *Buchaklian*, 314 Ill. App. 3d at 199. We reversed, holding that the existence of an open and obvious condition is not a *per se* bar to finding a legal duty. *Buchaklian*, 314 Ill. App. 3d at 204. In applying the distraction exception to the open and obvious doctrine, we consider whether, despite the obviousness of a hazard, the defendant should have anticipated the harm to the plaintiff. *Buchaklian*, 314 Ill. App. 3d at 204. The court acknowledged that a pedestrian cannot look up to avoid colliding with other pedestrians and, at the same time, look down to protect herself from tripping. *Buchaklian*, 314 Ill. App. 3d at 202-03. "In sum, we hold that where reasonable persons could draw divergent inferences from the undisputed material facts or where reasonable minds could differ as to a material fact, such as whether a condition is open and obvious, summary judgment should be denied and the issue decided by the trier of fact." *Buchaklian*, 314 Ill. App. 3d at 205.

In *Maschhoff*, the plaintiff was injured while delivering milk to the defendant's store. *Maschhoff*, 230 Ill. App. 3d at 170. The plaintiff said he was not sure why he fell inside defendant's dairy cooler where he was unloading crates of milk from a pallet, but he described the floor as covered with a "buildup" of milk or water or grime. The defendant's dairy manager was standing about five feet away from the plaintiff when the plaintiff fell. *Maschhoff*, 230 Ill. App. 3d at 171. In reviewing a jury verdict in the plaintiff's favor, we concluded that the plaintiff's injury was reasonably foreseeable and the defendant owed a duty of care under *Ward*. *Maschhoff*, 230 Ill. App. 3d at 173. It was foreseeable that the plaintiff might be distracted from the slippery

condition, despite its obviousness, while concentrating on stacking the crates and talking to the defendant's dairy manager, momentarily forgetting the slippery floor. *Maschhoff*, 230 Ill. App. 3d at 174.

We discern little if any difference between the case before us and the facts in *Ward, Buchaklian* and *Maschhoff*. In *Ward*, the distraction was the large bundle and the proximate cause of injury was the concrete post. In *Buchaklian*, the distraction was the other pedestrians and the proximate cause of injury was the uneven mats. In *Maschhoff*, the distraction was the job of stacking crates and the proximate cause of injury was the slippery floor. Here, the distraction was the unattended cart and the proximate cause of injury was the uneven pavement.

■ We conclude that defendant owed a duty of care to plaintiffs because it was reasonably foreseeable that a customer would be distracted by an unattended shopping cart and trip and fall over the irregular pavement. The duty question having been resolved against defendant based on the distraction exception to the open and obvious rule, it is for the trier of fact to determine whether the elements of negligence are present and, if so, whether contributory negligence or risk assumption of plaintiff diminishes or negates liability. Reasonable persons could draw different inferences from the facts in this case.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

McBRIDE, P.J., and GARCIA, J., concur.